UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAKE C. WENZEL,

Plaintiff,

v. Case No. 26-CV-853

JOHN DOE,
Vitalcore Nurse Practitioner,

Defendant.

---

# SCREENING ORDER

---

Plaintiff Jake C. Wenzel, who is currently serving a state prison sentence at Jackson Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

## Motion for Leave to Proceed without Prepayment of the Filing Fee

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $88.81. On October 15, 2026, Plaintiff filed a letter indicating he does not have the funds to pay the initial partial filing fee. The Court finds that Plaintiff lacks the assets and means to pay an initial partial filing fee, so the Court waives that obligation. 28 U.S.C. § 1915(b)(4).

Plaintiff will be required to pay the $350 statutory filing fee over time as set forth in § 1915(b). Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

Plaintiff was housed at the Kenosha County Jail and had surgery on his ankle. After the surgery, Plaintiff had to use a cane. On December 29, 2025, Plaintiff was to be transferred to the Kenosha County Detention Center. As he walked to the county transport van, the cane provided to Plaintiff by the Kenosha County Jail's medical department, Vitalcore, fell apart. Plaintiff had to be assisted by a Kenosha County Sheriff Officer to the van. That officer reported the incident to Kenosha County Jail Correctional Officer Molinaro. When Plaintiff arrived at the Kenosha County Detention Center, he was advised that he could not be housed there and was sent back to the Kenosha County Jail. Once he returned to the jail, Plaintiff received a walker to use. (ECF No. 1 at 2.)

Plaintiff was transferred back to the Kenosha County Detention Center on January 2, 2026. Prior to his transfer, a correctional officer at the jail took Plaintiff's walker in accordance with nursing orders. When Plaintiff arrived at the Kenosha County Detention Center, Plaintiff told a correctional officer that he had clearance for a walker. After being dressed over, Plaintiff was placed into the D-SOUTH Housing Unit, which is a two-tier unit with stairs. Plaintiff did not have

his cane or walker, so within four hours of being on the unit, he fell. Due to issues of safety and security, Plaintiff was placed into administrative segregation. (*Id.*)

Plaintiff's cane was sent to the Kenosha County Jail on January 5, 2026. On January 6, 2026, Plaintiff spoke to a correctional officer about his cane. The correctional officer told Plaintiff that his cane had arrived, but the institution did not know where it was. Between January 13, 2026, and January 15, 2026, Plaintiff threatened to go on a hunger strike and within hours staff gave him a cane that belonged to another inmate. (*Id.*)

On January 24, 2026, Plaintiff's father was taken into custody at the Kenosha County Jail. During Plaintiff's father's medical screening on January 25, 2026, Defendant Nurse Practitioner John Doe told Plaintiff's father that Plaintiff had a couple of preventative surgeries, that Plaintiff was uncooperative with physical therapy, and that Nurse Practitioner John Doe was responsible for sending Plaintiff to the Kenosha County Detention Center. (*Id.* at 3).

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that Nurse Practitioner John Doe violated the Health Insurance Portability and Accountability Act (HIPPA). Yet, HIPPA does not furnish a private right of action. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011). Therefore, Plaintiff cannot state a claim with respect to his allegations that Nurse Practitioner John Doe violated HIPPA.

Plaintiff also asserts that his rights were violated when he did not have access to his cane after he was transferred to the Kenosha County Detention Center. Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009). Plaintiff fails to state a claim upon which relief can be granted because he has not alleged that the named defendant, Nurse Practitioner John Doe, was personally involved with Plaintiff's delayed receipt of his cane or medical accommodations at the Kenosha County Detention Center.

Plaintiff has failed to state a claim upon which relief can be granted as to Nurse Practitioner John Doe, and the complaint will be dismissed on this basis. If Plaintiff wants to proceed with this lawsuit, he will need to file an amended complaint by **November 30, 2026**, that cures the deficiencies identified in this decision. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Plaintiff should set forth his allegations in short and plain statements. Plaintiff should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Plaintiff is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the Court will dismiss this case based on Plaintiff's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **November 30, 2026**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on October 28, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge